IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 97-30290
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRADLEY W. LAEGER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 95-CR-10012
- - - - - - - - - -
February 16, 1998
Before WISDOM, WIENER, and DENNIS, Circuit Judges

PER CURIAM:[*]

Bradley W. Laeger appeals his conviction for willfully failing to file income tax returns in violation of 26 U.S.C. § 7203. First, Laeger argues that the district court erred in denying his motion for judgment of acquittal on the grounds that venue was improper in the Western District of Louisiana. A person's principal residence is a proper venue for a charge of failing to file an income tax return. United States v. Rice, 659 F.2d 524, 526 (5th Cir. 1981). Laeger admits that his primary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

residence for the years in question was in Pineville, Louisiana, a town in the Western District of Louisiana.  His argument that he was tried in an improper venue is without merit.

Laeger also contends that the district court erred in refusing to instruct the jury that he was not presumed to know the law.  We find that the district court did not abuse its discretion.  See United States v. Pankhurst, 118 F.3d 345, 350 (5th Cir. 1997).  The district court's instructions, taken as a whole, were a correct statement of the law and clearly instructed the jurors on the factual issues relevant to this case.  See id. The district court properly instructed the jurors on the "willfulness" requirement for the offense, as well as the effect of a "good faith misunderstanding of the obligation to file a return".  These instructions did not prejudice Laeger's defense theory.

The district court's judgment is AFFIRMED.